In the Matter of the Application of VINTON W. MITCHELL, Appellant, for a Peremptory Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF NEW ROCHELLE, Respondent.— Appeal by petitioner from an order denying his motion for a peremptory mandamus order directing defendant board of education to reinstate him as a teacher as of April 1, 1936, and to pay him a balance of salary alleged to be due him for June, 1936, and salary for the remainder of the period of suspension. Order unanimously affirmed, without costs, as a matter of law and not in the exercise of discretion. Subdivision 3-c of section 872 of the Education Law, so far as it is procedural, is retroactive. (Kugel v. Telsey, 250 App. Div. 638, and cases there cited.) Any amendments of the Education Law relate to, and are to be given effect from, the time of the original enactment (American Bank v. Goss, 236 N. Y. 488, 493; Goldman v. Kennedy, 49 Hun, 157, 160; Lyon v. M. R. Co., 142 N. Y. 298, 303–304; Matter of Locust Avenue, 185 id. 115, 120; Morgan v. Hedstrom, 164 id. 224, 230), so that the Education Law is to be read now as if subdivision 3-c of section 872 was originally enacted as a part of it. Furthermore, that subdivision created no new offenses and did not increase existing penalties. It was, therefore, not ex post facto as it related to any offenses committed before its passage. (People ex rel. Pincus v. Adams, 274 N. Y. 447, 454; People v. Hayes, 140 id. 484, 491.) Subdivision 4 of section 870 and subdivision 3-c of section 872 of the Education Law, read together, authorize suspension without pay from the time charges are preferred. The cases cited by petitioner on this head, which are controlled by statutes or rules that withheld the right to suspend without pay pending a hearing, have no application here. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.