In the Matter of SALLY WOLF, Petitioner, against BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Kings County, May 3, 1945.

*Austin B. Mandel* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Joseph G. De Vito* of counsel), for respondents.

WALSH, J. Petitioner makes this application under article 78 of the Civil Practice Act for an order directing the defendants to lift petitioner's suspension without pay and to pay petitioner her back salary from the date of said suspension on February 5, 1945. The facts are not disputed. Petitioner is a high school teacher with tenure of position. On February 1, 1945, the Superintendent of Schools preferred charges of incompetent and inefficient service against her and suspended her from duty without pay effective February 5, 1945. The charges contained three specifications. On February 7, 1945, the Board of Education held its first regular meeting following said suspension. It received the Superintendent's report, continued the suspension of petitioner and, pursuant to the provisions of subdivision 3-b of section 872 of the Education Law, appointed a trial examiner. On February 14th the charges were served upon petitioner together with a notice setting February 21st as the time for pleading to said charges. On February 21st petitioner appeared by her attorney, who filed a special notice of appear-

ance and demurred to the specifications. After argument the demurrer was overruled as to specifications 1 and 2. Specification 3 was to the effect that petitioner had been rated unsatisfactorily for the term ending January, 1945. Petitioner had appealed. The appeal had not been heard or determined. Decision on the demurrer as to specification 3 was reserved. The hearing on the pleading and demurrer to specification 3 was adjourned to March 2, 1945, without objection by the petitioner. Petitioner then filed a general appearance and entered a plea of not guilty as to specifications 1 and 2 and demanded a bill of particulars as to specification 2. The bill of particulars was ordered. Prior to March 2, 1945, the attorneys agreed to adjourn sine die the hearing set for March 2d pending the disposition of petitioner's appeal to the Board of Superintendents. Up to the commencement of this proceeding on March 8, 1945, the appeal on specification 3 had not been determined and no trial date had been set for the hearing of the charges. In the interim, the Board of Education held another meeting on February 28, 1945. In the meantime, the petitioner remained suspended without pay.

On this application the petitioner does not contend that the delay in bringing the matter on for trial is the result of any arbitrary, capricious or unreasonable conduct on the part of the defendants. Petitioner contends that her continued suspension without pay is unauthorized and that the Education Law permits a suspension of a teacher until the first meeting of the Board and does not authorize the continuance of the suspension beyond the first meeting and pending the final determination of the charges.

While there is some reference to the power of the head of an agency to suspend an employee for one month, as provided in section 884–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929), the respondent Board of Education admits that that section does not apply to a teacher in the employ of the Board of Education. The sections of the Education Law which apply are subdivision 9, paragraph (a) of subdivision 10 and subdivision 15 of section 868, subdivision 4 of section 870 and subdivision 3-b of section 872.

The petitioner cites *Matter of Kelly* v. *Board of Education* (234 App. Div. 239, affd. 259 N. Y. 518), *Matter of Skinkle* v. *Murray* (221 App. Div. 301) and *Matter of Wade* (40 N. Y. St. Dept. Rep. 44, 46). All of these were decided before the 1936 amendment to paragraph (a) of subdivision 10 of section 868 of the Education Law and the enactment in 1936 of subdivision

3-c of section 872 of said law. (Provisions similar to those found in said subdivision 3-c are now also contained in subdivision 3-b of section 872, as added by chapter 435 of the Laws of 1943, but are limited to hearings held in the city of New York.)

The case of *Matter of Mitchell* v. *Board of Education of City of New Rochelle* (252 App. Div. 873), cited by the defendants, appears to be in point, involves a period pending a hearing and states: " Subdivision 4 of section 870 and subdivision 3-c of section 872 of the Education Law, read together, authorize suspension without pay from the time charges are preferred."

The petition for an order is, therefore, denied.