George Eilperin, J.
Petitioners move pursuant to article 78 of the Civil Practice Act for the immediate reinstatement in their positions as school teachers in the New York City Public School System from which they were suspended without pay in September, 1955 and for the dismissal of certain charges now pending against them.
Petitioners are honorably discharged members of the Armed Forces. In the course of an investigation pursuant to the Feinberg Law, the petitioners were questioned with respect to their membership in the Communist party. They admitted that they had once been members of the party but alleged that their membership terminated prior to 1950. They were asked to name other employees of the Board of Education who had also been members of the Communist party but they declined to answer on the ground of conscientious principles. On September 12 and 14, 1955 the Superintendent of the Board of Education suspended them from their employment and on September 23, 1955 served charges upon them. They were charged with (1) continuing membership in the Communist party within the intendment of the Feinberg Law; (2) with impeding a lawful investigation in refusing to identify associates who were members of the Communist party, and (3) with making of false statement under oath in their application for teaching licenses. The negative response to the question “ Are you now or have you ever been affiliated with any organization endorsing the Communist, Fascist or Nazi movements! ” was *48 alleged to be false. On September 29, 1955 at a regular meeting of the Board of Education, the suspension of the petitioners was continued and a trial examiner was appointed. The petitioners and the legal representatives of the Superintendent appeared before the trial examiner on November 2, 1955, but the hearing was adjourned sine die until after the termination of proceedings which petitioners had commenced against the respondents before the Commissioner of Education challenging the respondent’s right to discipline them for refusing to identify former Communist party associates. On August 7, 1956 the Commissioner of Education issued a decision enjoining the respondent from disciplining the petitioners for refusing to identify former Communist party associates in the school system. This decision was affirmed by the Supreme Court, Albany County on May 20, 1957 (Matter of Board of Educ. of N. Y. v. Allen, 6 Misc 2d 453), by the Appellate Division (5 A D 2d 1038) on April 28, 1958 and by the Court of Appeals (6 N Y 2d 127) on May 28, 1959. On June 25, 1959 a committee was appointed by an executive session of the Board of Education to review the charges and specifications against the petitioners. On December 17,1959 the Board of Education adopted a resolution that the disciplinary proceedings against the petitioners be continued on the charge of making false statements under oath. Trial of these charges has been arranged for January 26, 1960.
Petitioners assert that they could not be suspended for a period longer than one month under subdivision 3 of section 75 of the Civil Service Law and section 884-1.0 of the Administrative Code of the City of New York. Petitioners, being employees of the Board of Education, come within the provisions of section 2566 of the Education Law with respect to suspensions. Section 2566, which applies specifically to an employee of the Board of Education, is controlling (Baker v. Board of Educ., 62 N. Y. S. 2d 372; Matter of Cugell v. Monaghan, 201 Misc. 607; Matter of Wolf v. Board of Educ., 184 Misc. 890; Matter of Mitchell v. Board of Educ., 252 App. Div. 873). Certainly, the petitioners were dilatory in bringing the present motion.
The suspension imposed by the Superintendent of the Board of Education did not exceed the period provided for in subdivision 5 of section 2566 of the Education Law since it did not extend further than the next regular meeting of the Board of Education. The continuance of the suspension by the board thereafter is not limited by time. (Matter of Wolf v. Board of Educ., supra.) The court is of the opinion that the conduct of the Board of Education with reference to the length and dura *49 tion of the suspension was neither arbitrary nor capricious, bearing in mind that the Court of Appeals’ decision was not rendered until May 28,1959.
The petition for an order is therefore denied. Settle order on notice.