Simon J. Liebowitz, J.
In this article 78 proceeding, petitioner, a tenured teacher in the high schools of the City of New York, challenges his suspension without pay, after the *384 filing of charges against him for incompetence and inefficiency. He urges that under section 2590-j (subd. 7, par. [e]) of the Education Law he is entitled to receive full compensation during his period of suspension.
The provisions relied upon are part of article 52-A of the Education Law popularly called the Decentralization Law, which set into being the New York City Community School System. It is of pertinence to examine other provisions of article 52-A and the Education Law before considering the section cited by the petitioner.
For the purpose of preparing for the transition of the City School Districts into the Community School Districts, the New York State Legislature provided for the formulation of an interim board of education and the engagement by it of a Chancellor who would succeed to all the powers and duties of the Superintendent of Schools (L. 1969, eh. 330, § 11, as amd. by L. 1969, ch. 422; L. 1969, ch. 422, § 4; L. 1970, ch. 3, § 8; L. 1969, ch. 330, § 12). With the enactment of article 52-A the office of the Chancellor was continued with the powers and duties of the Superintendent with certain exceptions which become evident hereafter (§ 2590-h).
Among the powers which the former Superintendent of Schools had, was the right to subject a school teacher where he preferred charges against him, to suspension without pay (Matter of Mitchell v. Board of Educ. of City of New Rochelle, 252 App. Div. 873; Matter of Nash v. Board of Educ. of City of N. Y., 26 Misc 2d 46; Matter of Wolf v. Board of Educ. of City of N. Y., 184 Misc. 890; Baker v. Board of Educ. of City of N. Y., 62 N. Y. S. 2d 372; Matter of Lederman, 72 N. Y. State Dept. Rep. 119), but not in excess of 90 days (Education Law, § 2573, subd. 7). This was the general law applicable to a teacher of any New York City school, be it a senior high school, junior high school, intermediate school, elementary school, or any other school.
Under the Decentralization Law, along with his other powers, the Chancellor is given the power to control and operate academic and vocational senior high schools (until such time as they may be transferred pursuant to § 2590-g, subd. 9 under the Community Districts), specialized senior high schools, certain special education programs and certain city-wide programs (§ 2590-h, subd. 1). On the other hand, control and operation of prekindergarten, nursery, kindergarten, elementary, intermediate and junior high schools are established within the province of the Community Boards (§ 2590-e). The power and duties which the Superintendent of Schools had before *385 decentralization, with respect to these schools are now, with certain exceptions, in the Community Superintendent of each Community District (§ 2590-f), who are appointed for each community hy its Community Board (§ 2590-e).
We now approach section 2590-j and its paragraph (e) of subdivision 7 which the petitioner urges in his behalf. The section deals with the appointment and removal of, or the imposition of other penalties upon the persons in the teaching and supervisory service. With respect to the appointment of teachers, we need note only that the Chancellor is authorized to appoint the teachers for the schools and programs under the jurisdiction of the City Board of Education, and the Community Boards are authorized to appoint the teachers assigned by the Chancellor for the schools under their jurisdiction. The provisions dealing with the imposition of penalties upon teachers are contained in subdivision 7, the pertinent parts of which read as follows:
“ 7. Each community board shall, subject to the provisions of paragraph (e) herein, have authority and responsibility with regard to trials of charges against any members of the teaching * * * staffs of the schools within its jurisdiction as follows:
# * #
“(e) Upon the service of a copy of the charges upon such employee and the filing thereof with the community board, the community superintendent may recommend to the chancellor the suspension of any such employee. If the chancellor shall determine that the nature of the charge requires the immediate removal of the employee from his assigned duties, he may suspend such employee for a period not exceeding ninety days pending hearing and determination of charges, provided, however, that such employee shall be entitled to receive full compensation during the period of suspension.” (Italics supplied.)
In effect, the statute provides that although the Community Boards have control of teachers of schools in their jurisdiction, their Community Superintendents have not the power to suspend them, but the power continues to reside in the Chancellor to the extent that it may be exercised without loss of pay to the teacher. Nothing contained therein refers to teachers of schools within the jurisdiction of the Chancellor and accordingly, high school teachers are not intended to be affected thereby. No other provision of the Decentralization Law or other portion of the Education Law dilutes the Chancellor’s power to suspend high school teachers without pay.
*386 Petitioner asserts that legislative history indicates an intent that subdivision 7 of section 2590-j shall apply to all teachers in the New York City school system. The court need not review this history as legislative intent is to be determined primarily from the language used in the act under consideration (Department of Welfare of City of New York v. Siebel, 6 N Y 2d 536, 543). The court may not impute to the Legislature an intent other than that warranted by the language of the legislation (Waterloo Woolen Mfg. Co. v. Shanahan, 128 N. Y. 345).
The petition is accordingly dismissed.