J. Robert Lynch, J.
This is a proceeding under CPLR article 78, "brought by the petitioner, a tenured teacher, against the respondent, his employer school board. He seeks a variety of relief which we shall identify hereinafter.
The petitioner Jerry has been employed by the respondent as a physical education teacher since 1962. In December, 1972 and February, 1973 he was told by, the respondent that there had been complaints of his .treatment of students and his conduct in classrooms. On April 19, 1973, after the respondent had received other complaints, its Assistant Superintendent for personnel wrote Jerry a letter:
“ Late yesterday afternoon, it was-reported to me that, on more than one occasion this year, you have used physical restraint and/or punishment on children, in Nichols Elementary School. I should not have to remind you that this is in direct violation of orders which you were given, both orally and in writing * * *
*462 “ The Personnel Division will conduct an investigation * * * As soon as the Investigation is completed, you will be advised as to its outcome.
“In the meantime, the previous orders * * * are reiterated. You are not to touch any student for any reason.”
As a result of the investigation by the personnel division, the respondent’s Superintendent of Schools pressed charges against the petitioner at an executive session of the respondent board on May 30, 1973. The board found there was probable cause for the charges and served them, five in number, on the petitioner.
During the interim, while the makeup of a hearing panel was pending, on June 6, 1973 a Charleen Bates swore to an affidavit of complaint against the petitioner alleging that he had pulled her child’s hair during a class and used profanity to her on the telephone.
The respondent’s Superintendent of Schools exhibited the affidavit to the petitioner and then suspended the petitioner, without pay, until all the charges against him. were disposed of. On June 19, 1973, the respondent board confirmed the Superintendent’s action of suspending without pay.
The charges triggered by the Bates affidavit were found by the respondent board to have probable cause and they were made against the petitioner on June 14, 1973. Later the New York State Commissioner of Education consolidated the May 30 and June 14 charges for one hearing.
The petitioner contends that no statute authorizes his suspension without pay in these circumstances and, if any statute does, it is unconstitutional for depriving him of due process. On that argument, he seeks, by this proceeding: (1) to rescind the suspension; (2) to . strike every reference to it from his personnel file; (3) to be reinstated with all back pay and benefits retroactively from June 7, 1973.
A teacher’s rights to a hearing on charges brought against him are granted by section 3020-a of the Education Law. Subdivision 2 thereof provides that the teacher “ may be suspended pending a hearing on the charges and the final determination thereof ”. The petitioner concedes that the power to suspend is vested in the Superintendent (Education Law, § 2566) and the Board of Education (Education Law, § 2554) but argues that the power of suspension is not the power to suspend without pay.
Suspension without páy has appeared in a number of cases as inherent in the power of suspension. (See Matter of Mitchell v. Board of Educ. of City of New Rochelle, 252 App. Div. 873; *463 Matter of Sife v. Board of Educ. of City of N. Y., 65 Misc 2d 383, affd. 39 A D 2d 841; Matter of Nash v. Board of Educ. of City of N. Y., 26 Misc 2d 46; Matter of Wolf v. Board of Educ. of City of N. Y., 184 Misc. 890.) In none of these cases, though, was the constitutional question raised, that suspension without pay prior to a hearing is the deprivation of a property right without due process of law contrary to the Fourteenth Amendment of the United States 'Constitution.
There is no doubt that a tenured teacher has a constitutionally protected interest in his right to employment, which includes his right to be compensated, of which he cannot be deprived without the due process of a hearing (Slochower v. Board of Educ., 350 U. S. 551). The right to a hearing means a prior hearing, with one meaningful exception, “ for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event” (Boddie v. Connecticut, 401 U. S. 371, 379).
It is immediately apparent that the repondent has a valid governmental interest in protecting the health and safety of the school children entrusted to its care which is jeopardized by its employment of a teacher who has assaultive tendencies. Where a school board has found probable cause for charges of such conduct and a complaint is thereafter received that the conduct continues, the exception to the necessity for a prior hearing has been stated. The teacher may be suspended pending the hearing. However, suspension alone is sufficient to protect the stated governmental interest. Adding to it a deprivation of pay is to add a factor not necessary to protect the interest.
If this were the only governmental interest to be protected, suspension without pay could only be viewed as a punishment for conduct before a determination of the guilt. This is a bill of attainder, prohibited by the United States Constitution (Cummings v. State of Missouri, 4 Wall [U. S.] 277).
There is, however, a governmental interest to be protected that is not obvious. We introduce it by noting first, that if a school board suspends a teacher without pay and the teacher is found innocent of the charges, he is entitled to reimbursement in full for any period of suspension (Education Law, § 3020-a, subd. 4). We acknowledge that, if that were the entire picture, the right to reimbursement would not make the deprivation of a prior hearing constitutional (Fuentes v. Shevin, 407 U. S. 67).
The overriding element in the picture, though, is that the school board must protect the governmental interest that there *464 should be no gifts of the public’s money. (See N. Y. Const., art. VII, § 8.) Put another way, the board is obliged to see that it gets a day’s work for a day’s pay. If the school board suspends with pay and the teacher is found guilty, punishment must consist of “ a reprimand, a fine, suspension for a fixed time without pay or dismissal” (Education Law, § 3020-a, subd. 4; italics supplied). Thus, if the charges were serious enough to warrant dismissal, the board would be faced by a dilemma; it would have to dismiss the teacher, thus making a gift to him of all the money it had paid during his suspension, or it would have to retain a teacher who it thinks ought to be dismissed only so that it could recoup some or all of the pay by imposition of a fine. Given this situation, and so long as the teacher is able to be reimbursed when found innocent, the government’s interest should prevail.
We conclude, therefore, that a prior hearing is not constitutionally required before a school board can suspend a teacher without pay on charges that, if proved, would warrant his dismissal. Accordingly we decline: to rescind the suspension; to strike every reference to it from the petitioner’s personnel file; and to reinstate him with back pay and benefits.
The other grounds for relief under article 78, advanced by the petitioner, revolve around the hearing that is now in progress: that the respondent’s bill of particulars is insufficient; that the Hearing Officer is by his rulings erroneously admitting evidence of acts beyond the scope of the charges.
Article 78 is not available for interlocutory relief; it cannot be addressed to a determination that is not final or which can be reviewed by appeal to a court or by review of some other body or officer (CPLR 7801). Final determination will be made in this matter, not by the hearing panel, but by the respondent board (Education Law, § 3020-a, subd. 4). If the petitioner is aggrieved thereby, he may appeal to the Commissioner of Education, or, then, by article 78 to the court (Education Law, § 3020-a, subd. 5). The latter is available to the petitioner if there is a constitutional question not resolvable by the Commissioner. This review is able to look to rulings on the evidence, whether it is by the Commissioner (see Matter of Gaby, 11 Ed. Dept. Rep. 184) or by the court (see Marcato v. Board of Educ. of Cent. School Dist. No. 1, 40 A D 2d 978). (See, also, Matter of Kolanda v. Brunner, 27 A D 2d 886, denying an interlocutory objection to a bill of particulars.)
The petition must be denied.