Andrew J. Di Paola, J.
The plaintiff, a tenured school teacher employed as a guidance counselor by the defendant board of education, seeks a declaratory judgment whose effect would be to bar prosecution of two charges lodged against him which are awaiting disposition pursuant to hearing procedures established under section 3020-a of the Education Law. Proceedings under that section have been stayed pending determination of this motion for a preliminary injunction and mandatory restoration of plaintiff to his position with pay, which by stipulation of the parties has been argued and is now treated as a motion for summary judgment. The motion is granted as to the first charge and denied as to the second.
The charges are (1) “ That on or about the night of August 8 and early morning of August 9, 1973, Cary Goldin, Guidance Counsellor in the Ward Melville High School, spent the night at a residence * * * in said school district, and slept with an 18-year old female, a member of the 1973 graduating class of said school district, and a student for whom said Gary Goldin was a guidance counsellor, the said Gary Goldin not being married to said student, and the parents of said student not being then in residence and (2) “ That on or about August 13, 1973, at the District Office * * # [he] repeatedly denied to school officials and others that he had in fact spent the night at the home of said student, and that such denials were untrue.” Proceedings for hearing of the charges were then instituted by the plaintiff and, as noted, they have been stayed. The stay is now vacated.
The defendant does not deny the truth of either specification but insists that his constitutional rights to privacy and freedom of association prevent inquiry or punishment for his private, consensual sexual acts with a former student and that the specification of untruthfulness is so subsidiary to the first specification as to fall with it.
In the absence of any allegation or proof before the court that the plaintiff’s consensual exploits with his former pupil on the night of August 8 and morning of August 9 in the privacy of her home were the continuation or culmination of an association *974 commenced or an influence exercised while the plaintiff and the young lady maintained the relationship of teacher and pupil, it is difficult to comprehend what interest the defendant has in the conduct specified in its charge (cf. Fisher v. Snyder, 476 F. 2d 375, affg. 346 F. Supp. 396). A different case would he presented if the specifications indicated an abuse of the teacher-pupil relationship and a continuance of that abuse after termination of the relationship (see Matter of Westerling, 11 Education Department Reports 251). The defendant’s proper concern is with pupils in its care but this" case lacks allegation or evidence that the welfare of any pupil has been impaired or prejudice while she was a pupil. The private association of a teacher with a member of the opposite sex, is not by itself the concern of the defendant except on a showing not here made that it may interfere with his responsibilities to his students and his ability to teach (see Fisher v. Snyder, 346 F. Supp. 396).
The second charge, that of plaintiff deliberately making untrue statements to his superiors, presents the' issue whether such falsehoods were reflective of plaintiff’s lack of moral character and of insubordination, both of which, among others, are grounds for discipline (Education Law, § 3012). This case is unlike the situation in Puentes v. Board of Educ. of Union Free School Dist. No. 21 of Town of Bethpage (24 N Y 2d 996) where the petitioner refused to answer questions without the advice of counsel and the specification was treated (p. 999) “ as an appendage to the main charge ” and thus unavailable to sustain discipline where the main charge did not. Here, there was a patent attempt by the plaintiff to mislead the school officials who were justified in making preliminary inquiries to ascertain if any charges should be lodged.
The plaintiff attacks the constitutionality of his suspension without pay pending a hearing, a procedure authorized by section 3012-a of the Education Law. For reasons stated in Matter of Jerry v. Board of Educ. of City of Syracuse (75 Misc 2d 461) the constitutional contention is overruled (cf., also, Matter of Stewart v. Parker, 41 A D 2d 785, 786). However, it is anticipated that the defendant will move the statutory hearing expeditiously in view of its suspension of the plaintiff without pay.