W. Vincent Grady, J.
Petitioner, a tenured teacher in the Wappingers Central School District, was suspended with pay effective October 8, 1973, after the board of education found probable cause for 51 charges against petitioner.
Petitioner requested a hearing under section 3020-a of the Education Law. Hearings had been held pursuant to that section on some of the charges. On January 31, 1974, the petitioner was notified that respondent had suspended his pay effective February 8, 1974. Since that time petitioner has been employed on a full-time basis as a psychologist at Matteawan State Hospital. After notification that petitioner’s pay was suspended, the petitioner applied to the Commissioner of Education for an order directing respondent to reinstate him pending the disposition of the charges against him, or in the alternative directing respondents to continue the payment of his salary. By decision dated April 10,1974, petitioner’s application for interim relief was dismissed.
The Commissioner of Education at the close of his decision noted, however: “ With regard to the constitutional issues which petitioner raises based upon the provisions of section 3020-a of the Education Law, it is a well established policy that the constitutionality of a statute will not be decided by the Commissioner of Education in a proceeding brought pursuant to the provisions of Education Law section 310 (Matter of Cerreta, 11 Ed. Dept. Rept. 131; Matter of Eckart, 11 id. 165; Matter of Gaby, 11 id. 184; Matter of Posman, 12 id. 51; Matter of Maier, 12 id. 56; Matter of Foley and Bonnette, 12 id. 63; Matter of Kurtis, 12 id. 156).”
The relief sought in this article 78 proceeding is the same relief sought before the- Commissioner of Education; however, in view of the fact that the Commissioner did not pass upon *798 the constitutionality of section 3020-a of the Education Law and petitioner herein predicates his argument upon the constitutionality of that section, the court will entertain this article 78 proceeding.
The petitioner maintains that Matter of Jerry v. Board of Educ. of City School Dist. of City of Syracuse (44 A D 2d 198) is the controlling authority on the issues presented here. In the Jerry case the teacher was charged with five instances of physical assault upon students and probable cause was found by the school district. Thereafter he was suspended without pay until all the charges against him were disposed of. The Jerry court noted the exception to the general rule that a tenured teacher has a constitutionally protected interest in his right to employment, which includes the right to be compensated and of which he cannot be deprived without the due process of a hearing as set forth in Boddie v. Connecticut (401 U. S. 371, 379). That exception provides for “ extraordinary situations where some valid governmental interest is at stake that justifies postponing of the hearing until after the event ’ ’. The Jerry court found that there did not appear to be an overriding State interest which would justify withholding pay from the date of suspension and found that the board was in a better position to stand any financial loss which might be incurred by requiring the payment of compensation prior to the final determination.
Upon the basis of Matter of Jerry v. Board of Educ. of City School Dist. of City of Syracuse (44 A D 2d 198, modfg. 75 Misc 2d 461) and Kinsella v. Board of Educ. (378 E. Supp. 54) this court granted a temporary restraining order in the order to show cause herein enjoining the respondent from conducting any further hearing pending a determination of the issues. The respondent now cross-moves for an order terminating the temporary restraining order and dismissing the petition on the merits.
The Kinsella (p. 59, n. 3) case did not reach the question as to loss of pay during suspension except that it did recognize the Jerry decision in the following language : “ While we need not reach the question of the suspension here, since the Plaintiff has not, in fact, been suspended, we note that rather surprising recent decision in Jerry v. Board of Education [75 Misc 2d 461], permitting suspension of a tenured teacher without pay on the basis of charges that, if proved, would warrant dismissal.”
Kinsella held that section 3020-a of the Education Law denied due process insofar as the statute did not require that a school board’s decision be based on the record established before a *799 hearing panel. These defects were cured by the enactment of additional corrective regulations under the legislative powers of the commissioner and the Board of Regents and there is no claim by petitioner herein that the school board’s decision was not based upon a record as established before the hearing panel.
The petitioner also relies on Goldberg v. Kelly (397 U. S. 254), in support of his position that his pay may not be terminated without a prior hearing. That case involved a person on welfare and the issue decided was whether the Due Process Clause required that a welfare recipient be afforded an evidentiary hearing before the termination of its period.
The Goldberg case is inapposite in that the situation there concerned the nature of a person on welfare, i.e., a person being deprived of the basic necessities of life by the termination of welfare payments. Determination of welfare benefits cannot be equated with the suspension of salary to a teacher.
In Arnett v. Kennedy (416 U. S. 134) the court in a case involving the suspension of an employee of the Office of Economic Opportunity distinguished Goldberg v. Kelly (supra) on the ground that while determination of welfare benefits pending resolution of a controversy over eligibility may deprive an eligible recipient of means of subsistence, “a public employee may well have independent resources to overcome any temporary hardship, and he may be able to secure a job in the private sector. Alternatively, he will be eligible for welfare benefits.”
In the Arnett case, the employee had only 30 days within which to respond to charges against him. The Supreme Court held that the employee was aware of the charges against him and had an opportunity to respond to them prior to the termination of his pay and that he was not entitled to . a full adversary hearing for the determination of probable cause, but the hearing afforded by administrative appeal procedures after his actual dismissal was sufficient compliance with the requirements of the Due Process Clause.
Petitioner herein received his pay for over four months after charges were brought against him by respondent and the fact that the hearings have not yet been completed, and he is still suspended without pay, is not in and of itself a deprivation of due process in view of the Arnett decision. Arnett was decided after the Jerry case and would appear to undermine the rationale of the Jerry decision. This court is not bound to follow the Jerry decision, especially in view of the subsequent United States Supreme Court decision in Arnett v. Kennedy. This court concludes that a school board can suspend a *800 tenured teacher without pay on charges provided that such tenured teacher is afforded hearings within a reasonable period of time as provided in section 3020-a of the Education Law. Although there have been delays in scheduling the hearings, some of the delay is chargeable to petitioner. Meanwhile petitioner is employed and even if he was not presently employed, subdivision 4 of section 3020-a of the Education Law provides for full reimbursement for any period of suspension in the event that he is found innocent of the charges. This court does not agree with the court’s conclusion in Jerry that there is no overriding State interest which would justify withholding pay from the date of suspension. A school district has a valid governmental interest in protecting the health and safety of the school children entrusted to its care, and the school board must protect that governmental interest. Section 8 of article VII of the New York Constitution provides that there should be no gifts of the public’s money. If the charges are sustained against petitioner, then the respondent would be faced with having to dismiss the teacher already having made a gift to him of all the money that it had paid during his suspension or would have to retain the teacher so as to regain some or all of the pay by imposition of a fine. In view of this dilemma, and since a teacher is entitled to be reimbursed when found innocent, suspension without pay is justified.
The court concludes that section 3020-a of the Education Law is constitutional; that petitioner is not denied due process by virtue of suspension of his pay during the pendency of the tenure hearings and since, if found innocent, he will be reimbursed in full and payment of his salary during suspension would be a prohibited disbursement of public money.
The respondent herein found probable cause to exist in ordering a suspension and for four months continued petitioner with pay. During that four-month period, teacher tenure hearings were conducted but not completed and the suspension of pay thereafter was not in violation of petitioner’s constitutional rights.
Accordingly, the petition is dismissed on the merits and the cross motion is granted terminating the temporary restraining order.
Submit judgment on notice.