■ In the Matter of CHARLES E. GRAY, Respondent, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT NO. 1, HEMPSTEAD, et al., Appellants.— Upon an appeal to this court in a previous proceeding pursuant to article 78 of the CPLR (1) to review a determination dated November 30, 1972, suspending petitioner as a school principal in the employ of the appellant Board of Education pending a final determination upon a recommendation that he be dismissed, and (2) for related relief, this court on March 5, 1973 annulled the determination and remanded the matter to said board for a hearing (Matter of Gray v. Board of Educ., Union Free School Dist. No. 1, Hempstead, 41 A D 2d 739). Thereafter, the board gave petitioner notice that it would conduct a hearing on March 28, 1973. However, the instant proceeding under article 78 was then brought inter alia to enjoin the holding of the hearing and to compel petitioner's reinstatement. The appeal is from a judgment of the Supreme Court, Suffolk County, dated April 2, 1973 and entered in Nassau County in the instant proceeding, which (1) ordered that petitioner be paid all back salary, (2) enjoined the holding of the hearing and (3) directed that a hearing be held by three "hearing officers". Judgment reversed, on the law, with $20 costs and disbursements, and proceeding dismissed. The above-mentioned order of this court in the previous proceeding contemplated and intended that the hearing be conducted by the appellant Board of Education and not by a special hearing panel chosen by the parties and by the members of that panel. Nothing contained in the present record indicates that the board is not the proper body to conduct the hearing. Petitioner of course may seek further judicial review, if necessary, after the hearing shall have been held, the facts established thereat and a determination made. Rabin, P. J., Munder, Latham, Shapiro and Gulotta, JJ., concur.

■ In the Matter of JULIA HABEL, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to article 78 of the CPLR to review a determination of the State Department of Social Services, dated October 27, 1972, which, after a hearing, affirmed a determination of the Rockland County Department of Social Services terminating petitioner's grant of public assistance. Determination annulled, on the law, without costs, and matter remanded to the State Department of Social Services for a new hearing and a new determination. It appears from the record before us that the hearing officer closed the hearing without affording petitioner an opportunity to testify in her own behalf. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.