Alvin R. Ruskin, J.
In this article 78 proceeding to review and annul a determination of respondent Board of Education of Mount Pleasant Central School District, dated August 25, 1976 wherein petitioner was summarily and without a hearing suspended from his duties as superintendent pending a hearing concerning charges preferred against him scheduled to commence on November 9, 1976 and for related relief, the application is denied in the exercise of discretion, and the petition is dismissed, but without costs.
After a careful consideration of the voluminous affidavits and exhibits the court is of the view that it is not warranted as a matter of law in finding that the charges preferred against petitioner are legally insufficient and do not constitute, if proven, "good cause”, and in granting the relief sought by petitioner. Paragraph 12 of the employment agreement entered into by and between the parties provides, inter alla, that petitioner "shall be subject to discharge for good cause”; that "the Board shall not arbitrarily or capriciously dismiss him”; that petitioner shall receive a "fair and impartial hearing before the Board” (emphasis supplied), and that the "hearing shall be conducted in executive session and steno *452 graphic record of the proceedings shall be made”. Needless to say, this court cannot on the conflicting papers resolve the issues presented on this application, to wit, neglect of duty, insubordination and conduct unbecoming a chief school officer, on the one hand, and impartiality on the part of the board, prejudgment, personal bitterness, bias, animosity, vindictiveness, etc., on the other hand. This court cannot weigh the credibility of the affidavits and the controversy which has arisen between these parties can only be resolved and composed at the "fair and impartial hearing” which the board had scheduled for November 9, 1976, and which was stayed at the instance of petitioner the day before by the commencement of this proceeding. Whether or not petitioner would have had or will have a "fair and impartial hearing” is a matter which cannot be determined at this juncture. The board has stated in its papers that those members who have preferred the charges will not sit and hear the evidence and participate at the hearing. Aside from the fact that the parties agreed in Paragraph 12 of the employment agreement that the hearing was to be "before the Board”, petitioner has presented nothing which indicates that such provision violates his rights to due process and equal protection of the laws. Respondent board is, therefore, the proper body to conduct the hearing (see Matter of Gray v Board of Educ., 42 AD2d 742) pursuant to said contractual provision.
While the employment agreement (Paragraph 12) provides that petitioner "shall be subject to discharge for good cause”, no provision is made therein for a suspension pending the hearing. However, the court is of the opinion that since petitioner is subject to discharge for good cause, implicit in this contractual agreement is the right, under proper circumstances, of the board to suspend petitioner pending the hearing on the charges. "The power of suspension is essential to the sound administration of the public school system” (Matter of Jerry v Board of Educ., 35 NY2d 534, 541). Whether or not such suspension may be accompanied without compensation presents another matter. Here, it appears from the papers that when petitioner was suspended on August 25, 1976, it was with pay. The papers indicate that the board sought an early hearing date and recommended several dates in October, 1976 for the hearing, but that in the absence of any response from petitioner, the board finally advised petitioner under date of October 26, 1976, that the hearing would be scheduled *453 for November 9, 1976, at 7:30 p.m., or alternatively (by letter of Oct. 29, 1976), for five other days in November. Instead of appearing for such hearing, petitioner commenced this proceeding and obtained the order of Mr. Justice Cerrato staying such hearing. It was not until such stay was obtained that the board felt that it was necessary and proper to suspend petitioner’s pay in order to avoid a long and drawn out delay. Under the circumstances in this case, the court is of the view that petitioner’s payless suspension is not unreasonable pending the hearing to which petitioner is entitled and which the board is anxious to afford him. It is now January 13, 1977, and petitioner still has not had the hearing due to no fault on the part of the board.
In sum, then, this court vacates the temporary stay contained in the order to show cause dated November 8, 1976, and directs that the parties proceed with the hearing provided for in paragraph 12 of the November 9, 1972 agreement, on a date to be fixed by the board in writing not later than 20 days from the receipt of a copy of this order with notice of entry thereof.