■ In the Matter of ALICIA DILLON, Respondent, v BOARD OF EDUCATION OF THE PEARL RIVER SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 78 to compel appellant to pay petitioner's salary for the period of her suspension, the appeal is from a judgment of the Supreme Court, Rockland County, dated September 18, 1975, which, *inter alia,* directed appellant to pay petitioner her salary for the period of September 4, 1973 to February 4, 1974, less compensation earned by her during said period. Judgment modified, on the law, by deleting from the first decretal paragraph thereof the date "February 4, 1974", and substituting therefor the date "November 13, 1973". As so modified, judgment affirmed, without costs or disbursements. No fact questions were considered on this appeal. Petitioner, a tenured teacher, was formally placed on suspension on September 4, 1973 pending a determination of charges preferred against her by appellant to the effect that she had been excessively absent and that her physical condition, including one instance of intoxication, had interfered with the performance of her duties. Statutory hearings on the charges were held by the commissioner's hearing panel on September 6 and 14, 1973. At a meeting held on November 13, 1973 appellant approved the findings and recommendations of the panel, which included a specific recognition by it "that the allegations had some validity and much of the evidence substantiated the charges." It was determined that petitioner would remain on suspension until the completion of medical and psychological examinations "to determine whether [petitioner] is physically and psychologically capable

Of resuming her teaching responsibilities, and has fully arrested her problem relating to alcoholism." Only if she was found to be fit for duty after these examinations would she be returned to teaching duty at the beginning of the 1974 spring semester. Petitioner passed the required medical and psychological examinations and now seeks back pay for the period of her suspension, September 4, 1973 to February 4, 1974. Contrary to petitioner's arguments, the fact that she was able to pass the required physical and psychological examinations subsequent to the panel's finding that the allegations did have validity, does not, *pro tanto,* clear her of the original charges. Petitioner was, in fact, found to be incapable of continuing her employment. The consideration bestowed upon her by appellant, in allowing her to resume her employment upon proof of rehabilitation, should not be used as a sword against it. Nor does the fact that appellant did not explicitly indicate its intention to suspend petitioner's salary change the result. Having found her to be at least partially guilty of the charges, appellant was within its rights in pursuing the course which common sense dictated. Although petitioner, as a tenured teacher, is entitled to back pay until the time of the determination of the charges preferred against her (see *Matter of Jerry v Board of Educ. of City School Dist. of Syracuse,* 35 NY2d 534), she may not recover any back pay for the period of her suspension following the determination of her unfitness for duty. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.