Cooke, J.
Both Special Term and the Appellate Division describe petitioner Anthony J. Meliti as a teacher, tenured but uncertified. Petitioner was first employed as a physical education teacher in Rhinebeck Central School District in September, 1967. His provisional teaching certificate (issued Feb. 1, 1961) was to be valid for a period of 10 years, during which time petitioner was to have completed the 30 credit hours of graduate study necessary for permanent certification. Although petitioner was granted tenure in September, 1970, he failed to acquire the requisite graduate credits during the specified time and, facing loss of certification, applied for an extension of his provisional certificate based upon time spent in military service. The regulation pursuant to which such application was made (8 NYCRR 80.2 [f]) provides that "The time validity of certificates held by teachers on active duty of at least six months duration with the armed forces * * * may be extended by the amount of time of such service”. While petitioner’s military service record reflected approximately seven and a half months of active duty over his six-year stint in the Marine Corps Reserve, he was mistakenly granted an extension for a full six years.
On March 5, 1974, after the mistake became apparent, a letter was sent to petitioner from respondent New York State Education Department advising him that his extension certificate was being annulled and that his provisional certificate had expired on September 1, 1973. Petitioner complied with the department’s request to return the extension certificate. Since the annulment left petitioner as an employed but uncertified teacher, the letter advised petitioner that it was critical that he immediately establish his eligibility for a permanent certificate by filing an application and an official transcript of all graduate study completed. Petitioner made the suggested *185 submissions and, upon further review, petitioner was found to lack the credits necessary for certification, having obtained but 9 of the required 30. Pursuant to an Education Department regulation governing employment of uncertified teachers (8 NYCRR 80.32 [a]), petitioner was permitted to teach during the 1974-1975 school year but was advised that it would be necessary for him to complete at least six additional semester hours of approved and appropriate graduate study toward satisfying the requirements for a permanent certificate if he wished to teach during the 1975-1976 school year.
Petitioner obtained no additional credits toward certification and, by letter dated August 26, 1975, written in confirmation of a conference between petitioner and the district principal, the former was informed by the latter that, since an uncertified teacher was deemed an unqualified teacher and as sections 3009 and 3010 of the Education Law prohibit payment to unqualified teachers, it would be impossible for the school system to pay petitioner for the school year beginning September 2, 1975. Petitioner’s removal from the payroll as of that date was, in effect, a suspension without pay. Pursuant to section 3020-a of the Education Law, the respondent Board of Education, meeting in executive session on November 3, 1975, determined that there was probable cause for charges against petitioner for insubordination, mental and physical incapacity and lack of certification. Petitioner, on receiving notice of these charges, demanded a hearing as provided for under the same statutory section.
On December 8, 1975 and prior to such hearing, this proceeding was commenced with petitioner seeking (1) to obtain back pay and benefits from September 2, 1975; (2) to have the court direct the board to place petitioner back on the payroll until such time as he is lawfully terminated; (3) to obtain rescission of the Education Department decision annulling the extension of his provisional certificate; and (4) to enjoin the board from proceeding on the charges brought against him pursuant to section 3020-a of the Education Law. Although Special Term originally denied the petition in all respects, upon reargument it determined petitioner to be entitled to pay pending the outcome of the 3020-a termination proceedings. The Appellate Division affirmed.
The primary question presented on this appeal is whether a tenured but uncertified teacher may be suspended without pay pending the outcome of section 3020-a proceedings instituted *186 to terminate that teacher’s services where a basis for such termination is the teacher’s lack of certification. It should be noted that when this court granted respondent Board of Education’s motion for leave to appeal, it also consented to consider the question raised on cross appeal, that being whether petitioner was entitled to a hearing on the annulment of his certification.
In response to the latter question we need only state, as did the Appellate Division, that while petitioner was entitled to challenge the annulment of his certification, the time to have made such challenge had already passed when the instant article 78 proceeding was instituted. CPLR 217 provides that for a challenge of this sort to be timely, it must be made "within four months after the determination to be reviewed becomes final and binding upon the petitioner”. Here, the March 5, 1974 letter informing petitioner that the time extension to his provisional certificate had been annulled marked the time from which his period to challenge ran, as it was this determination, the determination of the annulment of his extension, that petitioner had the right to challenge. Certainly the fact that petitioner complied with this determination and returned the extension certificate as requested was an indication that such determination was final and binding upon him —and ripe for challenge.
The more troublesome question, and here the primary question, is that of a tenured teacher’s right to pay during suspension pending termination proceedings for lack of certification. It is argued that the holding of Matter of Lynch v Nyquist (41 AD2d 363, affd 34 NY2d 588) read in conjunction with Matter of Jerry v Board of Educ. (35 NY2d 534) mandates suspension with pay in this type of situation, irrespective of directions to the contrary contained in sections 3001, 3009 and 3010 of the Education Law. A close study of these cases and statutory provisions reveal that this is not so.
In Matter of Lynch v Nyquist (supra), the courts reaffirmed a tenured teacher’s right to the protections afforded such teacher under the Education Law. There, Ms. Lynch, though certified only in Latin had been tenured for Latin, English and Social Studies during the 1970-1971 school year and had taught five classes a day in English and Social Studies. At the end of that school year, petitioner Lynch was notified that her services would no longer be needed as Latin had been eliminated from the curriculum, her Latin teaching position had *187 been abolished, and the teaching of English had been assigned to a nontenured teacher provisionally certified in that subject. Petitioner’s challenge to this manner of dismissal was sustained by the courts, which held that circumvention of proper procedure was not to be tolerated. The two options open to the board in that situation were (1) to discontinue the services of the teacher having the least seniority within the tenure of the position abolished, pursuant to subdivision 2 of section 2510 of the Education Law or (2) to discontinue petitioner’s services for legal incompetence due to lack of certification by following the procedure mandated by the tenure statutes which include the granting of a hearing pursuant to sections 3012 and 3020-a of the Education Law. Since neither procedure had been followed, the appellate courts determined that petitioner Lynch had been illegally dismissed and affirmed Special Term’s judgment which restored petitioner as a tenured teacher with full economic benefits. As the board had not proceeded by way of the 3020-a proceeding, the question of suspension, with or without pay, did not arise and was not considered on that appeal.
The question of payless suspension of a tenured teacher did soon come before the courts in Matter of Jerry v Board of Educ. (35 NY2d 534, supra), a decision written to include two separate appeals. Petitioner Jerry, a physical education teacher, had been charged with excessive physical force and use of profane language while petitioner Goldin, a guidance counselor, faced charges of misconduct stemming from alleged sexual activity with an 18-year-old female student. Both teachers were tenured, both were suspended without pay. Although it was the unanimous view of this court (p 541) "that suspension of a tenured teacher without pay pending the final determination of section 3020-a disciplinary proceedings, provided such determination is not unreasonably delayed, would involve no infringement of the teacher’s constitutional rights (Sanford v. Rockefeller, 35 N Y 2d 547; Arnett v. Kennedy, 416 U. S. 134; cf. Mitchell v. Grant Co., 416 U. S. 600; Pordum v. Board of Regents of State of N. Y., 491 F. 2d 1281, cert. den. 419 U. S. 843)”, the majority held that there was no specific statutory provision in the Education Law authorizing the withholding of pay during a period of suspension pending a hearing on the particular charges there made.
Here, however, where suspension is based upon charges of incompetence due to lack of certification, such is not the case. *188 Section 3001 of the Education Law, entitled "Qualifications of teachers” provides, in part, that
"No person shall be employed or authorized to teach in the public schools of the state who is:
* * *
"2. Not in possession of a teacher’s certificate issued under the authority of this chapter”.
Section 3009 provides that "1. No part of the school moneys apportioned to a district shall be applied to the payment of the salary of an unqualified teacher”. Further, section 3010 imposes a penalty for payment of an unqualified teacher: "Any trustee or member of a board of education who applies, or directs, or consents to the application of, any district money to the payment of an unqualified teacher’s salary, thereby commits a misdemeanor; and any fine imposed upon him therefor shall be for the benefit of the common schools of the district.”
Thus, in the case of an uncertified teacher there is a quite specific statutory prohibition against payment during suspension. If, after a 3020-a hearing the previously suspended teacher is acquitted, as where a timely, prior or concurrent challenge to a determination annulling certification results in a reversal of that determination and then in a subsequent finding of certification under 3020-a review, subdivision 4 of section 3020-a provides that such teacher "shall be restored to his position with full pay for any period of suspension”. We note that while the distinction focused upon here may in some future case result in a temporary injustice, only the Legislature can effect what might be viewed as a more equitable uniformity.
Accordingly, the order of the Appellate Division should be modified by reversing that portion thereof which granted relief to petitioner and, except as so modified, affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.