OPINION OF THE COURT
Thomas Aloi, J.
Petitioner, Dain F. Faville, moves for a judgment pursuant to CPLR article 78, declaring that the respondent board of education unlawfully withheld his back salary and benefits during the time that he had appeared at his own tenure hearing.
Mr. Faville is a tenured elementary school teacher in the Poland School District. On June 12, 1981, the respondent school board found probable cause to bring charges against Mr. Faville relating to his status as a tenured district employee. Under the procedures outlined in section 3020-a of the Education Law, Mr. Faville requested a hearing to review the charges. A hearing was commenced and continues to the present date having taken place on 10 separate days, as of the date of argument of this motion. Although Mr. Faville was not suspended and has remained in his position throughout these proceedings, the board of education has already withheld approximately $170.16 in salary *71 for two of the days Mr. Faville was attending his own hearing, and intends to continue this practice through the conclusion of the hearing.
It is clear that section 3020-a of the Education Law does not authorize a school district to withhold the salary of a teacher during a period of suspension. (Matter of Jerry v Board of Educ., 35 NY2d 534, 542.) Further, compensation has been held to be a matter of such substantive right on the part of a teacher that it cannot be withheld without explicit statutory authorization (supra, p 542).
The board of education contends that since Mr. Faville was not suspended during the pendency of his section 3020-a hearing, his rights to compensation do not stem from Jerry (supra) but from the collective bargaining agreement between the Poland Teachers’ Association and the school board. The court cannot agree.
In Matter of Board of Educ. v Nyquist (48 NY2d 97, 105), the Court of Appeals held that the modification of a protective statutory scheme would be sanctioned only when the explicit language of the agreement unquestionably manifests their intent to effect such a change. Moreover, the school board must bear the burden of demonstrating what the contract language actually provides (supra, p 105).
Although section 3 (subd a, par 3) of article 8 of the collective bargaining agreement between the teachers’ association and school board outlines the conditions for a teacher’s personal leave of absence, there is no explicit authorization for the withholding of a nonsuspended teacher’s salary who is attending his own tenure hearing. The board of education, therefore, has not sustained the burden of demonstrating that the contractual language specifically authorizes the withholding of pay from a nonsuspended district employee.
The Court of Appeals has further proscribed against the withholding of pay during a period of suspension pending the determination of disciplinary charges. In Matter of Bott v Board of Educ. (41 NY2d 265, 269), the court stated that the proscription may not be circumvented indirectly by setting the effective date of punishment retroactively.
Similarly, the board of education may not indirectly circumvent subdivision 2 of section 3020-a of the Educa *72 tion Law by withholding a portion of a tenured teacher’s salary as a result of his nonsuspension. If the court adopted the board of education’s position it would permit a school district to penalize a tenured nonsuspended teacher for invoking his right to a hearing guaranteed by section 3020-a of the Education Law. This would clearly violate the legislative intent and statutory proscription against the withholding of pay whether the teacher has been suspended pending a determination of the charges or not.
It follows from this decision that Mr. Faville’s personal leave allotment should be reinstated to its prehearing status. Without the explicit language of the collective bargaining agreement authorizing the board of education to charge use of personal leave in this manner, Mr. Faville cannot be compelled to forfeit his personal leave days to attend his own tenure hearing.
In accordance with the foregoing reasons, the petition is granted.