In the Matter of THOMAS H. SMITH, III, Respondent-Appellant, v BOARD OF EDUCATION OF THE WALLKILL CENTRAL SCHOOL DISTRICT et al., Appellants-Respondents.

Third Department, July 19, 1984

**APPEARANCES OF COUNSEL**

*George R. Bartlett, Jr. (Theodore J. Bennett* of counsel), for appellants-respondents.

*Bernard F. Ashe (Ira Paul Rubtchinsky* and *Rocco A. Solimando* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

HARVEY, J.

Petitioner was employed by respondent Wallkill Central School District in 1966 as a mathematics teacher pursuant to a provisional teaching certificate. That certificate expired in 1975. In the interim, he was granted a tenure status in the mathematics field.

For a considerable period of time prior to May 21, 1981, the school district repeatedly brought to petitioner's attention the necessity of his obtaining a permanent certificate.

However, he failed to do so and he was suspended on that date without pay for lack of certification; a proceeding pursuant to section 3020-a of the Education Law was initiated. It should be noted that the only position held by petitioner from the date of his original employment was that of a mathematics teacher. Since his suspension, petitioner has commenced two separate CPLR article 78 proceedings. The first was to compel the State Education Department and respondents to issue him a permanent teacher's certificate and thereafter to reinstate him. That petition was denied as being untimely commenced and a subsequent motion to renew was also denied, both decisions having been affirmed by this court in *Matter of Smith v Ambach* (92 AD2d 967, mot for lv to app den 59 NY2d 603).

On March 18, 1982, the State Education Department issued petitioner a provisional certificate to teach business education. The stated effective date of the certificate was September 1, 1981. The panel hearing pursuant to section 3020-a of the Education Law took place on the day following its issuance. That certificate was in evidence before the panel, which determined that the school district had proven its charges that petitioner lacked certification and that his suspension was proper. The panel, after giving consideration to mitigating circumstances, denied respondents' demand for petitioner's immediate termination and directed that petitioner be placed on leave without pay to permit petitioner to obtain proper certification. It also directed that his employment status be terminated at the end of one year in the event that petitioner was unable to complete all certification requirements. That decision was handed down January 7, 1983.

After obtaining the new provisional certificate, petitioner commenced this second CPLR article 78 proceeding demanding reinstatement to a teaching position in the school district and back payment of salary from September 1, 1981. Special Term denied reinstatement but granted back pay. Special Term's decision was handed down before the tenured teacher panel made its determination. Immediately following that determination, respondents moved to renew but the motion was denied by Special Term,

which relied primarily upon *Matter of Jerry v Board of Educ.* (35 NY2d 534). All parties appeal from Special Term's first order and respondents appeal from the order denying their motion to renew.

A principal issue in this appeal is whether respondents must pay petitioner all salary and benefits during the period of his suspension. A teacher who does not possess a teaching certificate issued by the State of New York is unqualified as a matter of law from teaching and may not be employed or paid by a board of education (Education Law, § 3001, subd 2; § 3009, subd 1; § 3010). The Court of Appeals has distinguished the decision in *Matter of Jerry v Board of Educ.* (*supra*), in which the petitioner was suspended without pay awaiting determination of disciplinary charges, from cases such as this in which a teacher is suspended without pay for lack of certification. Statutory authority for suspension without pay is lacking in disciplinary cases but exists in suspensions for incompetence due to lack of certification (*Matter of Meliti v Nyquist,* 41 NY2d 183, 187-188, citing Education Law, §§ 3001, 3009). The record in this case leaves no doubt as to petitioner's complete lack of certification on the day that he was suspended and for a number of years prior thereto. To succeed in his demand for retroactive pay, he must come forward with some cogent reason to support his purported entitlement. His claim is that because of the stated effective date of his new provisional certificate in business education he was, in actuality, a properly certified teacher on September 1, 1981, and, as a consequence thereof, entitled to pay from that date. In granting him his demanded relief, Special Term relied primarily upon *Matter of Bali v Board of Educ.* (68 AD2d 360, app dsmd 48 NY2d 630),* as well as *Matter of Jerry v Board of Educ.* (*supra*).

Because of the position taken by petitioner at oral argument, we feel compelled to address ourselves to the provisional certificate in business education obtained by petitioner 10 months after his suspension. Petitioner contends that the certificate, in and of itself, is sufficient cause for reinstatement and payment of salary and other benefits

---

* The Court of Appeals dismissed the appeal on jurisdictional grounds without addressing the merits.

during the suspension. In our view, this position is untenable. Petitioner was hired to teach mathematics and taught no other subject. The State Education Department repeatedly refused to certify him in that field. Petitioner has failed to produce any statutory or administrative authority to support his contention.

It is our opinion that the issue before us is essentially one of contract. Mutuality is the keynote of contracts (*Phaneuf v City of Plattsburgh,* 84 Misc 2d 70, 73, affd 50 AD2d 614, mot for lv to app dsmd 38 NY2d 1004). Respondents hired petitioner as a mathematics teacher and granted him tenure. It is apparent that his employment would have continued indefinitely had petitioner maintained his certification. His reliance upon *Matter of Bali v Board of Educ. (supra)*, which was based upon circumstances which do not exist in this case, is unsupportive of his demand which is essentially that respondents create a position within the field in which he is now provisionally certified and to pay him retroactively. Respondents have complied with their obligations. Mutuality required petitioner to maintain his certification in the field for which he was hired, and he failed to do so. It is implicit in the decision of the tenured teacher panel that it considered the new certificate to be inadequate to allow petitioner to continue to teach mathematics. Otherwise it would not have directed leave without pay in order to grant petitioner an opportunity to obtain proper certification. We must reverse that portion of Special Term's decision awarding pay during the suspension.

Finding as we do, we do not address ourselves at length to the affirmative defenses of *res judicata* and the Statute of Limitations, except to state that they are without merit.

The judgment should be modified, on the law, without costs, by reversing so much thereof as directed respondents to pay petitioner's salary retroactive to September 1, 1981; the petition dismissed; and, as so modified, affirmed.

The appeal from the order should be dismissed as academic, without costs.

CASEY, J. P., WEISS, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as directed respondents to pay petitioner's salary retroactive to September 1, 1981; petition dismissed; and, as so modified, affirmed.