■ In the Matter of HENRY CUTLER, Respondent, v BOARD OF EDUCATION OF THE POUGHKEEPSIE CITY SCHOOL DISTRICT et al., Appellants. — In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel appellants, *inter alia,* to pay petitioner, a tenured teacher, all back pay and benefits from September 1, 1982, the date of his suspension, until the final determination of a teacher-tenure hearing conducted in accordance with section 3020-a of the Education Law, the appeal is from an order and judgment (one paper) of the Supreme Court, Dutchess County (Ingrassia, J.), dated August 5, 1983, which (1) denied the appellants' motion to dismiss the petition and (2) granted the petition to the extent of directing them to pay to petitioner "all back pay and benefits due to the Petitioner * * *

from September 1, 1982 until the date of the final determination of the charge pending against the Petitioner".

Order and judgment reversed, on the law, without costs or disbursements, appellants' motion to dismiss granted, and proceeding dismissed on the merits.

At a meeting of the appellant Board of Education held during early September, 1982, petitioner, a tenured elementary school teacher, was suspended without pay as of September 1, 1982 based upon the Board's preliminary determination that petitioner did not have a valid teaching certificate for elementary school education. In October, 1982 the New York State Commissioner of Education issued petitioner a "Certificate of Qualification" in the field of industrial arts, retroactive to September 1, 1982. In his petition dated December 2, 1982, petitioner argued, *inter alia,* that his certification in the field of industrial arts precluded the appellants from suspending him without pay from his position as an elementary school teacher despite the fact that industrial arts was a separate and distinct teaching area from that of elementary school education.

Special Term agreed with petitioner's argument.

We reverse and grant appellants' motion to dismiss the proceeding.

In *Matter of Jerry v Board of Educ.* (35 NY2d 534) the Court of Appeals held that absent a grant of specific authority by the Legislature, a board of education could not legally suspend a tenured teacher without pay while proceedings conducted to determine charges filed against the teacher pursuant to section 3020-a of the Education Law were pending. In *Jerry (supra)*, the petitioner was charged with conduct unbecoming a teacher. In *Matter of Meliti v Nyquist* (41 NY2d 183), a teacher was suspended without pay on charges based on his lack of any teaching certification. The Court of Appeals distinguished *Jerry (supra)* and held that in the case of a teacher charged with being unqualified, i.e., lacking certification (see Education Law, § 3001, subd 2), there was "a quite specific statutory prohibition against payment during suspension" (*Matter of Meliti v Nyquist, supra,* p 188, citing Education Law, §§ 3001, 3009, 3010).

Petitioner herein, a tenured elementary school teacher, argues that the holding of the Court of Appeals in *Matter of Meliti v Nyquist (supra)* is inapplicable in the case at bar, since he did possess a valid certificate, albeit in the separate and distinct teaching area of industrial arts (see 8 NYCRR 30.5; 30.8 [a] [10]). We disagree with petitioner's argument. A teacher's certificate permits instruction only in the specific area of certification (see 8 NYCRR 80.2 [l], [m]; 80.15, 80.17). Petitioner, however,

was not hired to teach in the educational area of industrial arts. He was hired to teach, and did in fact teach in the elementary school education area. Pursuant to petitioner's argument, a teacher could be unqualified for the purposes of teaching in the educational area for which he was hired, but qualified for the purposes of drawing his pay while he was suspended from teaching. We cannot agree with such an incongruous result. Accordingly, we conclude that a tenured teacher who is suspended based on a charge that he lacks certification in the subject area assigned to him for instruction must be suspended without pay pending resolution of that charge (*Matter of Meliti v Nyquist, supra;* cf. *Matter of Smith v Board of Educ.,* 102 AD2d 655). Mangano, J. P., Gibbons, O'Connor and Boyers, JJ., concur.