OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each case should be affirmed, with costs.
Appellants, Thomas Henry Smith, III, and Henry Cutler, were tenured teachers employed by respondents — Smith as a mathematics teacher and Cutler in elementary education. Respondents suspended them without pay, pending hearings pursuant to section 3020-a of the Education Law, because their provisional certificates expired and they failed to obtain permanent certification. Nearly 10 months after his suspension on May 21, 1981, Smith received a new provisional certificate in business education, retroactive to September 1, 1981. Cutler, suspended on September 1,1982, the following month received a certificate of qualification in industrial arts, which was retroactive to the date of his suspension. In these article 78 proceedings, both appellants seek back pay from the effective dates of their new certificates, claiming the payless suspensions were unlawful. Appellant Smith additionally seeks reinstatement.
On the issue of back pay, in Matter of Jerry v Board of Educ. (35 NY2d 534), we held that a tenured teacher could not be suspended without pay pending a section 3020-a hearing absent explicit statutory authorization. We found such authorization in Matter of Meliti v Nyquist (41 NY2d 183), involving a tenured *799 but uncertified — and therefore unqualified — teacher, whom it would have been illegal to pay (see, Education Law §§ 3009 [1], 3010). Here, neither appellant was certified to teach on the day he was suspended. The defect in Smith’s credentials was not remedied by the provisional certification, which, though retroactive to September 1,1981, still left a gap between his suspension and his certification. Neither was Cutler’s suspension rendered unlawful because of the issuance of a retroactive certificate of qualification, which did not authorize him to teach (see, 8 NYCRR 80.2 [Q). Since appellants were unqualified to teach when respondents suspended them, in neither case did subsequent certification render the suspensions unlawful.
On the issue of Smith’s claim to be restored to his teaching position, his failure over a period of 15 years to take the necessary steps to acquire and maintain permanent certification constitutes substantial evidence which supports respondent’s determination (see, Matter of Linton v Board of Educ., 47 NY2d 726, 727; Matter of Amos v Board of Educ., 43 NY2d 706, affg 54 AD2d 297; see also, Matter of Bali v Board of Educ., 68 AD2d 360, 366 [Simons, J., dissenting in part], appeal dismissed 48 NY2d 630).
We do not reach respondents’ argument that appellants’ new certificates were for subjects outside their tenure areas and therefore ineffective to qualify them to teach.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
In each case: Order affirmed, with costs, in a memorandum.