■ In the Matter of DAVID WINTER, Respondent, v BOARD OF EDUCATION FOR THE RHINEBECK CENTRAL SCHOOL DISTRICT et al., Appellants.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (King, J.), entered November 22, 1989 in Dutchess County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to pay petitioner back pay and to continue paying him during his suspension from his teaching position.

Petitioner was a certified and tenured high school business and driver's education teacher employed by respondent Board of Education for the Rhinebeck Central School District (hereinafter Rhinebeck). In 1989, petitioner was advised that a high school business teacher position was being eliminated and that he would no longer be able to teach in that subject area. Because there were no other teaching positions in his areas of certification, petitioner was assigned pursuant to Education Law § 2510 as a high school science teacher. He also was advised that because he had no certification in high school science, charges for teaching without proper certification pursuant to Education Law § 3020-a were warranted and would result in suspension without pay. Pursuant to his collective bargaining agreement, petitioner chose binding arbitration.

Meanwhile, petitioner commenced this CPLR article 78 proceeding seeking reinstatement and back pay. Supreme Court held that petitioner's suspension related to Rhinebeck's actions in reassigning him to an area in which he is not certified so that the suspension should be with pay. This appeal by respondents ensued.

We are constrained to reverse. There is no dispute that petitioner is not certified to teach high school science and, thus,. is uncertified to teach as assigned. The Court of Appeals has made clear that uncertified teachers cannot be paid during a period of suspension *(see, Matter of Meliti v Nyquist,* 41 NY2d 183, 188). This view is consistent with more recent pronouncements by the Court of Appeals *(see, Matter of Smith v Board of Educ.,* 65 NY2d 797). Indeed, this view comports with the observation of the Second Department that a different holding would produce the "incongruous result" that "a teacher could be unqualified for the purposes of teaching in the educational area for which he was hired, but qualified for the purposes of drawing his pay while he was suspended from teaching" *(Matter of Cutler v Board of Educ.,* 104 AD2d 988, 990, *affd* 65 NY2d 797).

We are sympathetic to petitioner's situation whereby he was forced into the science teaching position for which he is not qualified. Although we recognize that petitioner's situation does not square precisely with the facts of prior cases in this area and there may be some appellate authority for his position *(see, Matter of Bali v Board of Educ.,* 68 AD2d 360, *appeal dismissed* 48 NY2d 630), we feel compelled to follow the direction provided by the Court of Appeals, which recognized "that * * * the distinction focused upon here may in some future case result in a temporary injustice" *(Matter of Meliti v Nyquist, supra,* at 188). In this regard, we note that back pay is available under Education Law § 3020-a (4) should petitioner ultimately prevail.

Judgment modified, on the law, without costs, by reversing so much thereof as directed respondents to pay petitioner back pay and continue paying him during his suspension; said portions of the petition are dismissed; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Yesawich, Jr., J., dissents and votes to affirm in a memorandum. Yesawich, Jr., J. (dissenting). I respectfully disagree and vote to affirm.

In my view, neither *Matter of Smith v Board of Educ.* (65

NY2d 797) nor *Matter of Meliti v Nyquist* (41 NY2d 183) is dispositive of this appeal, for these cases turn on the fact that the petitioning teachers did not hold valid teaching certificates on the day they were suspended. That is not the situation here.

Importantly, in *Matter of Smith* both the petitioners claimed that because they held valid provisional certificates to teach in areas other than those for which they were hired, the decision in *Matter of Meliti,* which permits suspension of a teacher for incompetence due to lack of any teaching certificate, had no application. Neither our court nor the Second Department accepted this argument *(see, Matter of Smith v Board of Educ.,* 102 AD2d 655, 657-658, *affd* 65 NY2d 797; *Matter of Cutler v Board of Educ.,* 104 AD2d 988, 989-990, *affd* 65 NY2d 797). And the Court of Appeals specifically refused to decide whether teachers who hold certificates outside the subject areas they were hired to teach are nevertheless qualified to teach for purposes of drawing their pay while suspended pending a disciplinary hearing *(Matter of Smith v Board of Educ., supra,* at 799; *but see, Matter of Bali v Board of Educ.,* 68 AD2d 360, 362, *appeal dismissed* 48 NY2d 630).

The case at hand is distinguishable from those heretofore decided by our court and the Second Department. Here, petitioner possessed a valid certificate to teach *in the area for which he was hired.* Through no fault of his own, his position was eliminated, he was reassigned to teach a subject for which he held no certificate, and then was suspended because he lacked a certificate in the reassigned area. It strikes me that petitioner's situation is considerably different from that confronted by the court in *Matter of Meliti,* and therefore the general rule against suspension of tenured teachers without pay applies *(see, Matter of Jerry v Board of Educ.,* 35 NY2d 534, 541). Accordingly, petitioner's suspension without pay was unlawful *(see, supra; Matter of Bali v Board of Educ., supra).*