OPINION OF THE COURT
Alexander, J.
On this appeal we are presented with the question left open by our decision in Matter of Smith v Board of Educ. and Matter of Cutler v Board of Educ. (65 NY2d 797). In that case, based on explicit statutory authorization in the Education Law, we concluded that the appellants, both of whom were tenured, but who had not obtained permanent certification after their provisional teaching certificates had expired, were not entitled to be paid their salaries during their suspension pursuant to section 3020-a of the Education Law for teaching without certification. We declined to reach the argument advanced by the respondent Board of Education in those cases —that teachers who hold a teaching certificate outside of the area to which they have been assigned to teach are "unqualified” for the purposes of being paid pending the outcome of a hearing pursuant to Education Law § 3020-a (id., at 799). We now reject what is essentially the same argument advanced here by the Rhinebeck Central School District Board and conclude that because there is no statutory authorization for withholding the pay of a tenured and certified teacher charged *4 with lack of certification pending the determination of a section 3020-a proceeding where the teacher has been involuntarily reassigned to teach a subject area in which he or she is not certified, such teacher’s pay may not be withheld.
Appellant David Winter was hired by respondent Board of Education for the Rhinebeck Central School District to teach business education and taught in that area from 1973 to 1989. He received certification in driver and safety education in 1971, and in commerce (business) in 1974. He became tenured in 1975. In 1989, his position as a high school business teacher was eliminated as part of respondent’s reduction in force. Purportedly relying on section 2510 of the Education Law, respondent reassigned appellant to teach secondary science, a subject he was not certified to teach, and simultaneously informed him that proceedings pursuant to Education Law § 3020-a would be commenced against him due to his lack of certification to teach science. Respondent suspended appellant without pay pending the outcome of the section 3020-a proceeding. Pursuant to his collective bargaining agreement, appellant challenged the propriety of his involuntary reassignment under Education Law § 2510 through final and binding arbitration. He also commenced this CPLR article 78 proceeding seeking reinstatement to a teaching position within his area of tenure and certification, back pay, current pay and continued pay pending the final determination of the disciplinary proceeding.
Supreme Court dismissed the petition to the extent that it sought reinstatement because that issue was then pending before an arbitrator.[1] The court concluded, however, that the Board did not have the authority to suspend appellant without pay since appellant was certified in the area for which he was originally hired to teach, and his suspension was due to the Board’s action in reassigning him to an area in which he lacked certification. That court directed the Board to pay appellant from the date of his suspension until the determination of the disciplinary proceeding.
The Appellate Division modified by reversing so much of Supreme Court’s judgment as directed the Board to pay appellant during his suspension. Relying on our decision in Matter of Meliti v Nyquist (41 NY2d 183), the Appellate Division concluded that notwithstanding appellant’s certification in the area for which he was originally hired to teach, he was not *5 certified to teach in the area to which he had been reassigned, and therefore was "unqualified” to receive his salary pending the determination of the disciplinary proceeding. That court stated that a different holding would produce the " ’incongruous result’ ” that ’’ ’a teacher could be unqualified for the purposes of teaching in the educational area for which he was hired, but qualified for the purposes of drawing his pay while he was suspended from teaching’ ” (Matter of Winter v Board of Educ., 170 AD2d 825, 826, quoting Matter of Cutler v Board of Educ., 104 AD2d 988, affd 65 NY2d 797, supra). Petitioner appeals pursuant to leave granted by this Court, arguing only the issue whether the Appellate Division erred in denying him pay during his suspension. We now reverse.
It is well settled that compensation is a matter of such substantive right on the part of the teacher that it cannot be taken away except pursuant to explicit statutory or collective bargaining authorization (see, Matter of Board of Educ. v Nyquist, 48 NY2d 97; Matter of Jerry v Board of Educ., 35 NY2d 534, 541-542; see also, Matter of Derle v North Bellmore Union Free School Dist., 77 NY2d 483, 488; Matter of Adlerstein v Board of Educ., 64 NY2d 90, 98). The Board makes no claim that the applicable collective bargaining agreement authorizes it to withhold appellant’s pay. However, relying on our decision in Matter of Meliti v Nyquist (supra), it contends that Education Law §§3001, 3009 and 3010 provide explicit statutory authorization for its action in withholding appellant’s salary pending the outcome of a disciplinary hearing pursuant to Education Law § 3020-a.
Both parties recognize that resolution of this issue turns on whether a teacher is "qualified” pursuant to Education Law §3001. The Board argues, and the Appellate Division concluded, that a teacher who lacks certification in the subject to which he or she is assigned, in effect possesses no certificate at all and is therefore "unqualified” for the purpose of being paid pending the outcome of a section 3020-a disciplinary hearing; thus, our decision in Meliti is controlling. Appellant contends, on the other hand, that because there is no specific statutory authorization for suspending a tenured, certified teacher without pay, even though that teacher has been assigned to teach a subject in which he or she lacks certification, the general *6 principle established in Matter of Jerry is controlling and he is entitled to be paid.[2]
We reject as inconsistent with the plain language of Education Law § 3001 the attempt to equate teacher certification, and hence, "qualification,” with certification to teach in a specific subject area. Section 3001, entitled "Qualifications of teachers,” provides that "[n]o person shall be employed or authorized to teach in the public schools of this state who is * * * (2) Not in possession of a teacher’s certificate * * * or a diploma issued on the completion of a course in a state college for teachers or state teachers college of this state.” In Meliti (supra), where a tenured teacher who failed to acquire the requisite graduate credits to receive a permanent teaching certificate was suspended pursuant to Education Law § 3020-a on charges of teaching without certification after his provisional teaching certificate expired, we found in the confluence of sections 3001, 3009 and 3010 of the Education Law the explicit statutory authorization required by Jerry (supra). We held that the appellant in Meliti was not entitled to be paid during his suspension because section 3009 (1) forbids the payment of school district moneys to an "unqualified” teacher, and section 3010 makes it a misdemeanor for any school official to pay a salary to an "unqualified” teacher. We therefore concluded that "in the case of an uncertified teacher there is a quite specific statutory prohibition against payment during suspension” (Matter of Meliti v Nyquist, supra, at 188 [emphasis added]; see also, Matter of Smith v Board of Educ. and Matter of Cutler v Board of Educ., 65 NY2d 797, 799, supra).
Unlike the situation in Meliti, however, appellant Winter, holding certificates in business and driver education, was clearly certified to teach on the day he was suspended, and thus was "qualified” pursuant to Education Law § 3001 (see, *7 Matter of Bali v Board of Educ., 68 AD2d 360, 362-363 [Hancock, Jr., J.], appeal dismissed 48 NY2d 630; cf., Matter of Smith v Board of Educ. and Matter of Cutler v Board of Educ., supra, at 799; Matter of Meliti v Nyquist, supra). It is evident that the Legislature, in enacting sections 3001, 3009 and 3010 of the Education Law, rather than requiring certification in a particular subject as a prerequisite for teacher "qualification,” was concerned with prohibiting the hiring of persons for teaching positions who lacked minimum general qualifications, without regard to certification in any specific area. "Thus, for purposes of qualification under the statute, a teaching certificate has been equated with what can only be a requirement of qualification in the general area of teaching and not in any specific area: i.e., the possession of a 'diploma issued on the completion of a course in a state college for teachers or state teachers college of this state.’ (Education Law, § 3001, subd 2.)” (Matter of Bali v Board of Educ., supra, at 363.) In fact, appellant Winter was initially hired to teach the subject of high school business, an area in which he was certified to teach, and taught in that area continuously until respondent involuntarily reassigned him to teach secondary science.
The Board argues that regulations promulgated by the Commissioner of Education support its position that a teacher’s lack of certification in his or her assigned area renders that teacher unqualified to teach pursuant to Education Law § 3001, and thus unqualified pursuant to sections 3009 (1) and 3010 for the purpose of receiving a salary during the course of a section 3020-a disciplinary proceeding. However, consistent with the legislative purpose of ensuring that the State’s teachers are generally qualified to teach, these regulations, by their terms, only apply to the initial hiring, or to the reemployment of a teacher, neither of which is the situation here. Pursuant to the provisions of sections 3006 (3), 3009 (1) and 3010 of the Education Law, the regulations provide that, except under certain enumerated conditions, "no uncertified teacher (any professional staff member not holding a valid certificate for the area or level to be served) may be employed by a board of education for the first time” (8 NYCRR 80.18 [a] [emphasis added]). Similarly, 8 NYCRR 80.18 (b) prohibits the reemployment of an uncertified teacher except under certain conditions. Inasmuch as appellant is neither being hired for the first time, nor being reemployed, these regulations are irrelevant to the resolution of the question before us.
*8 Finally, we note the dissent’s assertion that the respondent will prevail on the issue of whether petitioner’s suspension was proper, because the school district is not required to retain a teacher who lacks the " 'appropriate certification’ ” (dissenting opn, at 11, citing 8 NYCRR 30.11). However, it is not at all clear that Education Law § 2510 authorizes a Board such as respondent to reassign teachers to areas in which they are uncertified, and on the basis of lack of certification, to bring charges against them under section 3020-a to remove them from employment. Section 2510 provides that when a Board of Education abolishes a position, the services of the teacher having the least seniority within the particular tenure area must be discontinued, and that teacher placed on a preferred list for appointment, in order of length of service, to a then-existing or subsequently occurring vacancy in an office or position similar to the one which such person filled without reduction in salary or increment (Education Law § 2510 [2], [3]).[3] The suggestion by the dissenters that Education Law § 2510 requires a school district to reassign a teacher whose position has been abolished to teach a subject that he is uncertified to teach finds no support in the statute. The statute does not require such a procedure, and whether it authorizes the scheme employed by respondent here is, at best, problematic. There appears to be no authority for respondent’s practice of reassigning teachers to an area in which they are uncertified, and then charging the teacher with lack of certification in order to terminate his or her services (see, e.g., Matter of Steele v Board of Educ., 53 AD2d 674, 675 [Board of Education could not circumvent the mandate of Education Law § 2510 by assigning petitioner to a position in an area of certification in which she was not likely to be certified and then dismissing her for lack of certification]).
Because there is no statutory authority to support the *9 payless suspension of appellant pending the determination of the section 3020-a proceedings against him, we conclude that appellant is entitled to back pay from the date of his suspension and continued pay until such time as the disciplinary proceedings are concluded. Accordingly, the Appellate Division order, insofar as appealed from, should be reversed, with costs, and the judgment of Supreme Court, Dutchess County, reinstated.

. It appears that the arbitration is still pending and undetermined.

. Whether the School Board’s action in reducing its teaching staff for economic and educational reasons is authorized by Education Law § 2510, so long as it "acted in good faith” (dissenting opn, at 9) is not relevant to the issue before us. Rather, the question we must determine is whether explicit statutory authorization exists which entitles respondent to withhold compensation from a certified, tenured teacher during the pendency of disciplinary proceedings under Education Law § 3020-a (Matter of Jerry v Board of Educ., 35 NY2d 534). Moreover, nothing in Jerry supports the dissent’s assertion that our holding rested on "traditional notions of fairness explicit in the criminal law and the Civil Service Law,” or on the ground that "teachers should not be punished by loss of pay unless and until it was shown that they were guilty of the alleged charges” (dissenting opn, at 11).

. Moreover, the Rules of the Board of Regents cited by the dissent provide, as pertinent, that:
"Nothing herein contained shall be construed to authorize * ** * a board of education or board of cooperative educational services to place or retain an individual in a position for which such individual does not possess appropriate certification in accordance with the provisions of Part 80 of the Regulations of the Commissioner of Education”.
(Rules of Board of Regents, 8 NYCRR 30.11 [emphasis added].) Since the petitioner here was placed in a position for which he does not possess the appropriate certification, it would appear that this regulation refutes, rather than supports the contentions of the dissent.