[628 NYS2d 454]

# In the Matter of MAUREEN A. SULLIVAN, Appellant, v WINDHAM-ASHLAND-JEWETT CENTRAL SCHOOL DISTRICT, Respondent.

Third Department, June 29, 1995

## APPEARANCES OF COUNSEL

*Bernard F. Ashe,* Albany *(Kevin H. Harren* of counsel), for appellant.

*Bond, Schoeneck & King, L. L. P.,* Albany *(Michael J. Grygiel* and *Nicholas J. D'Ambrosio, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Petitioner, who held valid State teaching certificates in the areas of special education, elementary education, secondary social studies and administration, was appointed by respondent's Board of Education (hereinafter the Board) as a full-time probationary teacher for the 1992-1993 school year. In March 1993, respondent's Superintendent discovered that petitioner did not have the necessary certification to serve as an elementary counselor. Inasmuch as petitioner's full-time position included a 0.5 elementary counselor position, the Board ultimately terminated petitioner's probationary appointment to the full-time position. Petitioner thereafter commenced this proceeding to obtain, *inter alia,* back pay due to respondent's failure to comply with certain notice provisions applicable to the termination of probationary teachers *(see,* Education Law §§ 3019-a, 3031). Supreme Court dismissed the proceeding, resulting in this appeal by petitioner.

Petitioner does not seriously dispute the merits of the termination of her probationary appointment due to her lack of certification as an elementary counselor. She contends, however, that as a procedural matter she was entitled to the notice prescribed by statute, which concededly was not given, and, therefore, she seeks back pay for the prescribed notice period. Respondent contends that petitioner's lack of certification rendered her unqualified for the position and, therefore, she is not entitled to any back pay[*] because respondent is

---

[*] To the extent that respondent claims the notice provisions are inapplicable to the termination of a probationary teacher who is unqualified due to lack of certification, the statutes are clear and unambiguous and contain no exception for terminations due to lack of certification *(see, Matter of Tucker v Board of Educ.,* 82 NY2d 274).

precluded by law from employing or paying unqualified teachers *(see,* Education Law §§ 3001, 3009; *Matter of Meliti v Nyquist,* 41 NY2d 183, 188). Petitioner concedes that she would be unqualified within the meaning of the statutory bar to her being paid if she lacked any certification, but she argues that the statutory bar is inapplicable to a teacher who holds a valid certification in some subject area. Petitioner's argument is clearly in accord with the holding in *Matter of Winter v Board of Educ.* (79 NY2d 1, 6-7).

There remains, however, the issue of the applicability and effect of a regulation adopted by the Commissioner of Education, which provides that except under certain enumerated conditions not present in this case "no uncertified teacher (any professional staff member not holding a valid certificate for the area or level to be served) may be employed by a board of education for the first time" (8 NYCRR 80.18 [a]). Petitioner contends that the regulation cannot be read as altering the holding in the *Winter* case, which construed the relevant provisions of the Education Law concerning the question of whether a teacher is qualified or unqualified. The Court of Appeals, however, expressly recognized that the regulation is "consistent with the legislative purpose of ensuring that the State's teachers are generally qualified to teach" *(Matter of Winter v Board of Educ., supra,* at 7). Nevertheless, the Court concluded that the regulation was inapplicable because, by its terms, it applied only to the initial hiring of a teacher, which was not the situation of the petitioner in the *Winter* case. Here, however, petitioner was hired for the first time by respondent and, therefore, the regulation is, by its terms, applicable. Considering the clear and unambiguous language of the regulation, and considering the Court of Appeals express recognition that the regulation is consistent with the Education Law, we conclude that the effect of the regulation is to render petitioner unqualified and, therefore, ineligible for back pay.

CARDONA, P. J., MERCURE, PETERS and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.