In the Matter of MICHAEL DIGGINS, Appellant, v HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT et al., Respondents. [856 NYS2d 396]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 23, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted in part, the determination is annulled and respondent Board of Education of Honeoye Falls-Lima Central School District is directed to reinstate petitioner to his position as a tenured teacher forthwith with back pay and benefits retroactive to September 1, 2006.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the determi-

nation terminating his employment. We agree with petitioner that respondents failed to establish by clear and convincing evidence that he intended to abandon his position as a tenured teacher (*see Ciccarelli v Board of Educ. of W. Seneca Cent. School Dist.*, 107 AD2d 1050 [1985]), and we thus further agree with petitioner that he was entitled to, but was not afforded, notice and a hearing before his employment was terminated (*see* Education Law §§ 3020, 3020-a). Contrary to the contention of respondents, the failure of petitioner to advise them of his reason for not returning to work did not constitute an abandonment of his position, inasmuch as that reason was known to respondents and was reasonable (*see Matter of Rowland v Oswego City School Dist.*, 97 Misc 2d 42, 45-46 [1978]). We therefore reverse the judgment, grant the petition in part, annul the determination and direct respondent Board of Education of Honeoye Falls-Lima Central School District (Board) to reinstate petitioner to his position forthwith. In view of the fact that petitioner was absent because respondents assigned him to work at a location to which they knew he could not legally report, and because petitioner actively sought reinstatement at all times, we further direct the Board to reinstate petitioner with back pay and benefits retroactive to September 1, 2006 (*see Matter of Winter v Board of Educ. for Rhinebeck Cent. School Dist.*, 79 NY2d 1, 9 [1992], *rearg denied* 79 NY2d 978 [1992]; *Matter of Kohler v Board of Educ. of S. Huntington Union Free School Dist.*, 142 AD2d 676, 677-678 [1988], *lv denied* 74 NY2d 603 [1989]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.