# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**518**
**CA 12-02040**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF ROSEANN KILDUFF,
PETITIONER-APPELLANT,

V                                                        MEMORANDUM AND ORDER

ROCHESTER CITY SCHOOL DISTRICT, BOARD OF
EDUCATION OF ROCHESTER CITY SCHOOL DISTRICT
AND DR. BOLGEN VARGAS, IN HIS CAPACITY AS
ACTING SUPERINTENDENT OF ROCHESTER CITY
SCHOOL DISTRICT, RESPONDENTS-RESPONDENTS.

---

RICHARD E. CASAGRANDE, LATHAM (ANTHONY J. BROCK OF COUNSEL), FOR
PETITIONER-APPELLANT.

EDWIN LOPEZ-SOTO, GENERAL COUNSEL, ROCHESTER (CARA M. BRIGGS OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 3, 2012 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted, the determination is annulled and respondents are directed to reinstate petitioner to her position as a tenured teacher forthwith with full back pay and benefits and to remove all references to the discipline imposed from petitioner's personnel file.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the determination suspending her for 30 days without pay from her position as a tenured teacher with respondent Rochester City School District. Supreme Court denied the petition, and petitioner appeals.

We agree with petitioner that respondents failed to comply with the requirements of Education Law § 3020 (1) when they disciplined petitioner without affording her a hearing pursuant to Education Law § 3020-a. When presented with a question of statutory interpretation, "courts should construe unambiguous language [in a statute] to give effect to its plain meaning" (*Matter of Daimler Chrysler Corp. v Spitzer*, 7 NY3d 653, 660). We agree with petitioner that the plain language of Education Law § 3020 (1) provides that a tenured teacher facing discipline, and whose terms and conditions of employment are

covered by a collective bargaining agreement (CBA) that became
effective on or after September 1, 1994, is entitled to elect either
the disciplinary procedures specified in Education Law § 3020-a or the
alternative procedures contained in the CBA.  Here, the CBA at issue
went into effect on July 1, 2006.  Thus, petitioner was entitled to
choose whether to be disciplined under the procedures set forth in the
CBA or those set forth in section 3020-a, which allowed petitioner to
elect a hearing (*see* § 3020-a [c]).  Respondents, however, incorrectly
denied petitioner's written request for a section 3020-a hearing.  We
therefore reverse the judgment, grant the petition, annul the
determination, and we direct respondents to reinstate petitioner with
back pay and benefits retroactive to the date of her suspension, and
to remove all references to the discipline imposed from petitioner's
personnel file (*see generally Matter of Winter v Board of Educ. for
Rhinebeck Cent. Sch. Dist.*, 79 NY2d 1, 9, *rearg denied* 79 NY2d 978;
*Matter of Diggins v Honeoye Falls-Lima Cent. Sch. Dist.*, 50 AD3d 1473,
1474).

Entered:  June 14, 2013                   Frances E. Cafarell
                                          Clerk of the Court