Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 3, 2012 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted, the determination is annulled and respondents are directed to reinstate petitioner to her position as a tenured *1537 teacher forthwith with full back pay and benefits and to remove all references to the discipline imposed from petitioner’s personnel file.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the determination suspending her for 30 days without pay from her position as a tenured teacher with respondent Rochester City School District. Supreme Court denied the petition, and petitioner appeals.
We agree with petitioner that respondents failed to comply with the requirements of Education Law § 3020 (1) when they disciplined petitioner without affording her a hearing pursuant to Education Law § 3020-a. When presented with a question of statutory interpretation, “courts should construe unambiguous language [in a statute] to give effect to its plain meaning” (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]). We agree with petitioner that the plain language of Education Law § 3020 (1) provides that a tenured teacher facing discipline, and whose terms and conditions of employment are covered by a collective bargaining agreement (CBA) that became effective on or after September 1, 1994, is entitled to elect either the disciplinary procedures specified in Education Law § 3020-a or the alternative procedures contained in the CBA. Here, the CBA at issue went into effect on July 1, 2006. Thus, petitioner was entitled to choose whether to be disciplined under the procedures set forth in the CBA or those set forth in section 3020-a, which allowed petitioner to elect a hearing (see § 3020-a [c]). Respondents, however, incorrectly denied petitioner’s written request for a section 3020-a hearing. We therefore reverse the judgment, grant the petition, annul the determination, and we direct respondents to reinstate petitioner with back pay and benefits retroactive to the date of her suspension, and to remove all references to the discipline imposed from petitioner’s personnel file (see generally Matter of Winter v Board of Educ. for Rhinebeck Cent. School Dist., 79 NY2d 1, 9 [1992], rearg denied 79 NY2d 978 [1992]; Matter of Diggins v Honeoye Falls-Lima Cent. School Dist., 50 AD3d 1473, 1474 [2008]). Present — Smith, J.P., Fahey, Carni, Sconiers and Whalen, JJ.