# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**392**

**CA 13-01974**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF ROSEANN KILDUFF,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ROCHESTER CITY SCHOOL DISTRICT, BOARD OF
EDUCATION OF ROCHESTER CITY SCHOOL DISTRICT
AND DR. BOLGEN VARGAS, IN HIS CAPACITY AS
ACTING SUPERINTENDENT OF ROCHESTER CITY
SCHOOL DISTRICT, RESPONDENTS-RESPONDENTS.

---

RICHARD E. CASAGRANDE, LATHAM (ANTHONY J. BROCK OF COUNSEL), FOR
PETITIONER-APPELLANT.

EDWIN LOPEZ-SOTO, GENERAL COUNSEL, ROCHESTER (CARA M. BRIGGS OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County
(Evelyn Frazee, J.), entered January 25, 2013 in a proceeding pursuant
to CPLR article 78. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the petition is
granted, the determinations are annulled and respondents are directed
to reinstate petitioner to her position as a tenured teacher forthwith
with full back pay and benefits and to remove all references to the
discipline imposed from petitioner's personnel file.

Memorandum: Petitioner commenced this proceeding pursuant to
CPLR article 78 seeking, inter alia, to annul the determinations
suspending her for two days and five days, respectively, without pay
from her position as a tenured teacher with respondent Rochester City
School District. Supreme Court erred in denying the petition (*see
Matter of Kilduff v Rochester City Sch. Dist.*, 107 AD3d 1536, 1537, *lv
granted* 22 NY3d 854). As we wrote in *Kilduff*, "petitioner was
entitled to choose whether to be disciplined under the procedures set
forth in the [collective bargaining agreement] or those set forth in
[Education Law §] 3020-a," and respondents "incorrectly denied
petitioner's written request for a section 3020-a hearing" (*id.; see*
§§ 3020 [1]; 3020-a).

Entered: June 13, 2014                          Frances E. Cafarell
                                                Clerk of the Court